OMAHA NATIONAL BANK V. JOHN KRAUS ET AL.

FILED JUNE 5, 1901. No. 9,686.

Commissioner's opinion, Department No. 2.

1. **Contract of Sale With Option.** An arrangement whereby chattels are conveyed at a price certain, with a provision that the vendee may, if he fails to resell them, return them to the vendor, is a contract of sale with an option to rescind. *Houck v. Linn*, 48 Nebr., 227, followed.

2. **Instruction: REFUSAL: ERROR.** Where the title to a stock of merchandise is in issue, which is claimed to have been purchased

by the vendee, under a contract in which he reserves the option of returning such goods as he is unable to sell, it is reversable error for the trial court to refuse an instruction requested which defines such transaction as a sale when no other proper instruction has been given on this theory.

Error from the district court for Douglas county. Tried below before Powell, J.  *Reversed.*

*Lodowick F. Crofoot,* for plaintiff in error.

*Richard S. Horton, contra.*

Argued orally by counsel for both parties.

Oldham, C.

The facts in this case appear to be that the Omaha National Bank, herein styled the defendant, took possession of a stock of cigars from Max Meyer & Co., under a chattel mortgage executed by said company to said bank to secure a bona-fide indebtedness; that said stock of goods was sold under the provisions of this mortgage and was purchased at such sale by the defendant bank. These goods were afterwards replevied by Kraus & Lewin, herein styled plaintiffs, under a claim of ownership. Plaintiffs had judgment below and defendant brings error.

The evidence offered in the case below by plaintiff tended to show that the goods in dispute had been delivered to Max Meyer & Co. on consignment and that the title had never passed to them. Defendant's evidence, on the contrary, tended to show that there had been a sale of the goods in dispute to Max Meyer & Co. prior to the execution of the mortgage to the defendant, and that a privilege had been reserved by the vendee of returning such goods as it was unable to dispose of.

Defendant's counsel have directed our attention to a number of alleged errors in the admission and rejection of evidence in the proceeding of the trial court. If the evidence admitted had been properly controlled by in-

struction it would not, perhaps, have been sufficiently prejudicial to have warranted a reversal of this cause, and in view of the conclusion we are compelled to reach on the more serious allegations of error on account of instructions given and refused, it is not necessary to enter into a discussion of the merits of the objections on the admission and exclusion of testimony.

Defendant below requested two instructions, either of which would have properly presented his theory of a sale of the goods in dispute to Max Meyer & Co., with a reservation of a right, by the vendee, to return such of the goods as it was unable to resell. Both of these instructions told the jury that under such a sale the title to the goods in dispute would pass to Max Meyer & Co.; each of these instructions was refused by the trial court and instead of either of these the court gave the following instruction:

"6. If you find from the evidence that plaintiff sent goods in controversy to Max Meyer & Co., under an arrangement by which Max Meyer & Co. were to take said goods at a stated price, without any restrictions as to when they should sell them, they were to remit to the plaintiff for all goods so sold 30 days from the last day of the month during which such sales were made less five per cent. discount from invoice prices if paid in cash, otherwise a four months acceptance at invoice prices for the amount sold; and if you further find that the arrangement did not provide for the return to the plaintiff of the goods remaining unsold, such an arrangement would in law constitute an actual sale, and the title to such goods would pass to Max Meyer & Co., and they would become the owners thereof."

Now the vice of this instruction is that it makes the fact that "the arrangement did not provide for the return to the plaintiff of the goods remaining unsold," an essential element of a sale. In other words, it told the jury that if there was any arrangement between the plaintiff and Max Meyer & Co., by which the goods unsold might

be returned to the plaintiff, such an arrangement would prevent the title of the goods from passing to Max Meyer & Co. We think that this instruction is clearly erroneous and at war with the principles announced by this court in the case cited in the syllabus, and because this error must have been highly prejudicial to the defendant, it is recommended that the judgment of the district court be reversed and this case be remanded for further proceedings.

POUND and SEDGWICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.